UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IOM GRAIN, LLC f/k/a ) | |
| H&B CONDITIONING, LLC, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-CV-337 |
| ) | |
| ZEA GLOBAL SEEDS, SA and ) | |
| ILLINOIS CROP IMPROVEMENT ) | |
| ASSOCIATION, INC, ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

This case was removed to this Court from the Jay Circuit Court by Defendant Illinois Crop Improvement Association based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that Plaintiff IOM Grain, LLC, is a limited liability company organized under the laws of Indiana with its principal place of business in Indiana, and is therefore a citizen of Indiana. (Notice of Removal ¶¶ 2, 7.) The Defendant's jurisdictional allegations, however, inadequately set forth the Plaintiff's citizenship.

A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of *each* member of IOM Grain, LLC to ensure that none of its members share a common citizenship with the Defendants. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of IOM Grain, LLC who are themselves a partnership or a limited liability company, as anything less can result in a dismissal or remand

for want of jurisdiction.[1] *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, Defendant Illinois Crop Improvement Association is ORDERED to file an amended Notice of Removal forthwith, alleging on personal knowledge the citizenship of each member of IOM Grain, LLC and, if necessary, tracing the citizenship of unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for October 4, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).