UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| IOM GRAIN, LLC, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 1:10-CV-337 |
| ILLINOIS CROP IMPROVEMENT ASSOCIATION, INC., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is an Agreed Motion for Entry of Protective Order, seeking approval of a proposed protective order stipulated to by the parties. (Docket # 58.) As the proposed order contains several defects, it will be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). However, the protective order submitted by the parties is inadequate to support a finding of good cause.

First, the order's definition of "confidential information" is impermissibly broad and vague. It allows parties to protect information "of a commercially sensitive nature relating to business activities of the Parties and witnesses which are confidential or proprietary in nature, such as the identity of customers and clients, and information required to be kept confidential due to agreement made by the Parties, witnesses, and others who are not involved in the present litigation." (Proposed Protective Order ¶ 1.) Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information."

178 F.3d at 946; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

In addition, the proposed order provides for the protection of any document that "may contain" confidential information (Proposed Protective Order ¶¶ 1, 2), rather than solely protecting the actual confidential material through redaction. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

And, although paragraph 9 of the proposed protective order provides that a party may not file any document under seal without an additional order from this Court upon a showing of good cause, the language of paragraph 8 calls that into question, reflecting that confidential information "shall be filed and maintained under seal by the Clerk until further order of the Court."

Moreover, paragraph 16 states that the "provisions of the Protective Order . . . shall not terminate at the conclusion of this action." The Court, however, is unwilling to enter a protective order that suggests the Court retain jurisdiction of any kind after the resolution of the case. *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among
2

themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

And finally, paragraph 17 provides that the protective order "may be amended by the agreement of counsel for the Parties in the form of a further stipulated protective order." But of course, although the parties may stipulate to a proposed amended protective order, the protective order is not actually amended until the Court approves and adopts the order.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945. Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003). For these reasons, the Court DENIES approval of the proposed protective order submitted by the parties (Docket # 58). The parties, however, may submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law.

SO ORDERED.

Enter for this 31st day of January, 2013.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge