**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| IOM GRAIN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-337 |
| | ) | |
| ILLINOIS CROP IMPROVEMENT | ) | |
| ASSOCIATION, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a joint motion by the parties seeking approval of an amended proposed protective order. (Docket # 63.) Because the amended proposed order is again deficient in several ways, it will be DENIED.

First, the order's definition of "Confidential Information" is still impermissibly broad. It seeks to protect "the identity of customers, which is nonpublic and in some cases subject to confidentiality provisions in agreements with such customers, and non-public financial information . . . ." (Amended Agreed Mot. ¶ 1.) A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 342 (N.D. Ill. 1998).

Here, the use of the term "non-public" in the proposed order is inadequate.

> 'Non-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook*, 206 F.R.D. at 248-49. For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury–business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* Just because a party does not generally release certain information to the public does not necessarily mean that the release of such information will rise to the level of causing competitive harm or creating a competitive advantage for others. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Furthermore, paragraph 9's proposed procedure of allowing the parties to file Confidential Information under seal and then file a motion to *retain* the information under seal is overly cumbersome, inappropriately shifting the burden of unsealing documents to the Court after fifteen days. Local Rule 5-3(c)(2)(C) provides that "documents may be sealed *if and only if* they are subject to a prior protective order or are accompanied by a contemporaneous motion to seal . . . ." (Emphasis added.)

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d

at 945. Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. For these reasons, the Court DENIES approval of the proposed amended agreed motion for entry of protective order submitted by the parties. They may, however, submit a revised protective order consistent with the requirements of Federal Rule of Civil Procedure 26(c)(7) and Seventh Circuit case law.

SO ORDERED.

Enter for this 5th day of March, 2013.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
